IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHARON LANG,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **BIOGENEX LABORATORIES, INC.** ) <br> ) <br> Defendant. ) | FILED: MAY 27, 2008 <br> Case No. 08CV3048       TG <br> JUDGE NORGLE <br> MAGISTRATE JUDGE MASON |

## NOTICE OF REMOVAL

Defendant BIOGENEX LABORATORIES, INC. ("BIOGENEX"), by its attorneys, Epstein Becker & Green, P.C., notifies this court of the removal of the pending suit styled *SHARON LANG, Plaintiff v. BIOGENEX LABORATORIES, Inc., Defendant*, Case No. 2008L004036 (hereinafter "the state court action") from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of the removal, BIOGENEX states as follows:

1.      On or about April 14, 2008, plaintiff filed a complaint in the Circuit Court of Cook County, Illinois against defendant BioGenex.

2.      In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon defendant to date in the state court action are attached as Exhibit A.

3.      BIOGENEX was served with the complaint and summons on April 28, 2008.

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is being filed within thirty (30) days following receipt of the complaint.

5. At the time the complaint was filed, there existed diversity of citizenship between the parties. In the complaint, plaintiff alleges that her home was located in Mundelein, Illinois (Compl., ¶2), and defendant has no information to indicate that plaintiff has subsequently become a citizen of the state of California.

6. Defendant, BioGenex, is a California corporation (Compl., ¶ 3, Ex. B) with its principle place of business in San Ramon, California. (Ex. B)

7. In the complaint, plaintiff alleges that BioGenex discharged her in retaliation for disclosing information to a government law enforcement agency in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 (Compl., Count I, ¶ 31-32) and in violation of a clear mandate of public policy. (*Id.* at Count II, ¶ 43)

8. The complaint seeks back pay, the cost of any lost benefits, reasonable attorneys fees, damages for emotional distress, economic losses and punitive damages. (Compl., ¶ 44)

9. Attached to the complaint is an Affidavit of Damages signed by plaintiff's counsel indicating that the damages are in "excess of fifty thousand dollars." (Aff. attached to Compl. at ¶ iii) Illinois law prohibits the pleading of an *ad damnum* allegation except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed. 735 ILCS §5/2-604.

10. The complaint alleges that plaintiff was terminated from employment on April 21, 2006. (Compl., Count I, ¶27)

11. At the time of her termination, plaintiff was paid $75,000 per year.

12.     As of the date plaintiff's complaint was filed, plaintiff's lost wages, exclusive of any interim earnings, were nearing $150,000.

13.     In addition to back pay, the Whistleblower Act allows employees to recover compensation for any damages sustained as a result of a violation of the Act, including reasonable attorney's fees.  740 ILCS 174/30.

14.     Illinois courts have awarded damages in common law retaliatory discharge cases for emotional distress and punitive damages, where the facts warrant it.  *See, e.g., Kasper v. Saint Mary of Nazareth Hospital*, 135 F.3d 1170 (7th Cir. 1998) (award for emotional distress and punitive damages); *Reinneck v. Taco Bell Corp.*, 297 Ill.App.3d 211, 696 N.E.2d 839 (1998) (award for mental anguish and punitive damages).

15.     Although BioGenex denies liability for any of the acts or omissions attributed to it by plaintiff, plaintiff's complaint, which seeks back pay, the cost of lost benefits, damages for emotional distress, economic loss and punitive damages, seeks to recover in excess of $75,000, exclusive of interest and costs.

16.     This Court has original jurisdiction over plaintiff's cause of action against BioGenex pursuant to 28 U.S.C. §1332(a)(1), because it is a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between plaintiff, a citizen of the State of Illinois, and BioGenex, which is incorporated in the state of California with its principal place of business in the state of California.  Accordingly, this case is properly removable to this court pursuant to 28 U.S.C. § 1441.

17.     Pursuant to and in compliance with 28 U.S.C. § 1446(d), and simultaneously with the filing of this Notice of Removal, BioGenex has served written notice of such removal upon plaintiff and will file a copy of this Notice of Removal with the Cook County

Circuit Clerk promptly after its filing with this court.

WHEREFORE, defendant BioGenex respectfully requests that this court assume full jurisdiction of this proceeding for all purposes as if originally filed in this court, and issue any orders necessary to stay proceedings in the state court action.

>BioGenex Laboratories, Inc.
>
>EPSTEIN BECKER & GREEN, P.C.
>
>/s/Julie Badel
>Julie Badel
>Attorneys for Defendants
>EPSTEIN BECKER & GREEN, P.C.
>150 N. Michigan Avenue, 35TH Floor
>Chicago, Illinois 60601
>Telephone: (312) 499-1400
>Direct Dial: (312) 499-1418
>Facsimile: (312) 845-1998
>jbadel@ebglaw.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

Anthony Pinelli
53 W. Jackson Blvd., Suite 1460
Chicago, IL 60604

/s/Julie Badel

CH:224798v1                                    -5-

08CV3048
JUDGE NORGLE
MAGISTRATE JUDGE MASON

| 2120 - Served | 2121 - Served | | |
|---|---|---|---|
| 2220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

SHARON LANG

v.

BIOGENEX LABORATORIES, INC.

2008L004036
CALENDAR/ROOM W
TIME 00:00
Retaliatory Discharge

No. _____

Serve:
BIOGENEX LABORATORIES, INC.
C/O Krishan L. Kalra, Registered Agent
4600 Norris Canyon Rd.
San Ramon, California 94583

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 12901
Name: ANTHONY PINELLI
Atty. for: PLAINTIFF, SHARON LANG
Address: 53 W. JACKSON BLVD., SUITE 1460
City/State/Zip: CHICAGO, ILLINOIS 60604
Telephone: 312/583-9270
Service by Facsimile Transmission will be accepted at: _____

WITNESS, APR 14 2008

(SEAL - Clerk of Court)

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNT, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SHARON LANG, | ) | 2008L004036 |
| | ) | CALENDAR/ROOM W |
| Plaintiff, | ) No. | TIME 00:00 |
| v. | ) | Retaliatory Discharge |
| | ) | |
| BIOGENEX LABORATORIES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

### VERIFIED COMPLAINT AT LAW
### RETALIATORY DISCHARGE/VIOLATION OF 740 ILCS 174/1

#### FACTS

NOW COMES the Plaintiff, SHARON LANG, by and through her attorney, Anthony Pinelli, and complains of Defendant, BIOGENEX LABORATORIES, INC., as follows:

1. Sharon Lang ("Plaintiff") was hired by BioGenex Laboratories, Inc. ("Defendant") as a "SR. Application Scientist" in January of 2005.

2. Plaintiff began her employment in January of 2005 and worked from her home located at that time in Mundelein, Illinois. At all times relevant to this complaint in the course of her job duties, Plaintiff serviced Defendant's clients located in Cook County, Illinois.

3. Defendant, a California corporation, furnished Plaintiff with a computer, fax machine and cell phone to be used for the purpose of conducting business in Illinois.

4. In her capacity as senior application scientist, Plaintiff worked with Defendant's customers regarding the use of certain medical testing devices and reagents.

5. In her capacity as a senior application scientist, Plaintiff worked with customers located in Cook County, Illinois, including Rush Presbyterian St. Luke's Medical Center, University of Illinois, Northwestern University and Loyola University Medical Center.

6. In March of 2006, Plaintiff was given a yearly performance appraisal of her work which gave her an overall rating of "4": "usually exceeds targets and position requirements: above average."

7. Under the heading "Job Knowledge," the evaluation noted: 1) strong job knowledge, 2) reference source for all, 3) easily handles any situation.

8. The evaluation noted under quality of work: 1) work product excellent, 2) organizes everything, extremely efficient, 3) consummate professional, 4) customers request Sharon.

9. The evaluation noted under quantity of work: 1) 24/7 player, 2) takes customer call at any time, 3) flexible.

10. The evaluation rated attendance and punctuality as follows: 1) 24/7, non-stop.

11. The evaluation rated Plaintiff's mind set/attitude as: "This is an area that is exhausting to an individual who requires others to live up to her expectations. Her devotion to her customers and this company is expressed in her constant seven day work schedule she self imposes."

12. The evaluation was agreed to by Plaintiff on March 1, 2006, and approved by Defendant's Human Resources Department on March 6, 2006.

13. On March 14, 2006, Defendant gave Plaintiff a merit pay increase.

14. In 2005, Defendant marketed products known by the trademark Insite™ Her2/NeuKit.

15. The purpose of this product was to provide information to doctors for the purpose of determining the appropriate regimen of chemotherapy treatment for certain breast cancer cells.

16. In September of 2005, Plaintiff advised her superiors of instances in which the products did not provide appropriate data due to improper staining of the membrane resulting from defects in the test kit leading to false positive data regarding the test results which could cause a patient to receive an improper chemotherapy prescription.

17. In January of 2006, Plaintiff received stained slides demonstrating the defect from Heartland Pathology in Wichita, Kansas and Loyola Medical Center in Maywood, Illinois which she sent to her superior, Carl Kunkelman.

18. Plaintiff attended several meetings with her supervisors and Defendant's employees in the fall of 2005 and January of 2006 where she voiced her concerns as to the problems with the test kits and stated that she believed the product should be recalled.

19. Following the last meeting with supervisors which occurred in January of 2006, Plaintiff was advised that after January 30, 2006, she should have no further involvement in discussions at Defendant related to Insite™ Her2/NeuKits.

20. On February 9, 2006, Defendant issued a recall of the product on the basis that the use of Insite™ Her2/NeuKits may represent a risk of health injury.

21. On April 14, 2006, Plaintiff was visited at her home by agents of the Food and Drug Administration and Department of Health and Human Services who were investigating Defendant's compliance with the Federal Food, Drug and Cosmetic Act, 21 USC Ch. 9 §301 *et seq*.

22. At the request of the agents, Plaintiff travelled to the offices of the Food and Drug Administration Chicago District Office in Chicago, Illinois, on April 18, 2006.

23. Plaintiff voluntarily spoke with the agents regarding Defendant's practices and her experience with the Insite™ Her2/NeuKits products sold by Defendant.

24. At the interview, Plaintiff provided documents and materials related to her work and Defendant's compliance with the Federal Food, Drug and Cosmetic Act to the Food and Drug Administration at the request of agents Norman Brown and Jesse Vasquez at the office of that agency located at 550 W. Jackson Blvd., Chicago, Illinois.

25. On April 20, 2006, Plaintiff advised her supervisor, Carl Kunkelman, that she had been interviewed by the Food and Drug Administration and had provided information and materials regarding an ongoing investigation of Defendant's activities.

26. Within one hour of her conversation with Carl Kunkelman, he advised Plaintiff that she was on administrative leave and should perform no work until further notice.

27. The next day, April 21, 2006, Defendant terminated Plaintiff's employment.

28. On July 27, 2006, the United States Department of Health and Human Services issued a warning letter to BioGenex Laboratories, Inc. regarding adulterated product as defined by Section 501(h) of 21 USC § 351 which specifically listed regulations violated by Defendant in the manufacturing and distribution of the Insite™ Her2/NeuKits

## COUNT I

### VIOLATION OF THE ILLINOIS WHISTLE BLOWER ACT 740 ILCS 174/1

29. Plaintiff hereby restates and realleges paragraphs 1 through 28 above.

30. At all times relevant to this complaint, Plaintiff was an employee as defined by 740 ILCS 174/5.

31. Plaintiff's conversations with representatives of the United States government on April 18, 2006, constituted the disclosure of information to a government law enforcement agency as defined by 740 ILCS 174/15(b).

32. The termination of Plaintiff's employment on April 21, 2006, constituted retaliation against Plaintiff in violation of 740 ILCS 174/15.

33. As a direct and proximate cause of the termination of Plaintiff's employment on April 21, 2006, she suffered damages including loss of income and benefits as described by 740 ILCS 174/30.

## COUNT II

### CLAIM FOR RETALIATORY DISCHARGE

34. Plaintiff hereby restates and realleges paragraphs 1 through 33 above.

35. At all times relevant to this matter, Defendant's business of preparing and selling various types of medical detection testing devices was subject to the provisions of and required to conform to 21 USC Ch. 9 §301 *et seq.* of the Federal Food, Drug and Cosmetic Act.

36. The Federal Food, Drug and Cosmetic Act is a law passed as part of the public policy to keep interstate commerce free of adulterated products to the end that public health and safety might be advanced and for the purpose of public health.

37. Specifically, 21 USC Ch. 9 §351(h) deals with standards and requirements for the manufacture of medical devices such as those sold by Plaintiff in the course of her employment by Defendant at all times relevant to this complaint.

38. At various times from the fall of 2005 through January of 2006, Plaintiff complained to her superiors of problems with a specific medical testing device, the Insite™ Her2/NeuKit, which was sold by Defendant to hospitals and physicians.

39. On April 18, 2006, Plaintiff went to the offices of the Food and Drug Administration and provided statements and evidence to that agency regarding the problems with the Insite™ Her2/NeuKits.

40. The Food and Drug Administration officers who interviewed Plaintiff were investigating violations of the Federal Food, Drug and Cosmetic Act, 21 USC Ch. 9 §301 *et seq.* by Defendant.

41. On April 20, 2006, Plaintiff advised her supervisor, Carl Kunkelman, that she had been in the interview and cooperated with the investigators' requests.

5

42. On April 21, 2006, Plaintiff was terminated from her employment in retaliation for her cooperation with the agents conducting the investigation.

43. The termination of Plaintiff's employment in retaliation for her cooperation with the agents was unlawful and a direct violation of a clear mandate of public policy.

44. As a direct consequence of Defendant's unlawful termination of Plaintiff, she has suffered damages in the form of lost wages, benefits, mental anguish and damage to her reputation.

**WHEREFORE**, Plaintiff respectfully requests that this court grant judgment against Defendant and award Plaintiff:

1. Reinstatement with the same seniority status she would have had but for her termination;

2. Back pay with interest;

3. The cost of any lost benefits;

4. Compensation including litigation costs, expert witness fees and reasonable attorney's fees, all as allowed by 740 ILCS 174/30.

5. Any and all damages allowed by law for emotional distress, economic loss, as well as punitive damages.

Respectfully submitted,

_____
**ANTHONY PINELLI**
Plaintiff's Attorney

**ANTHONY PINELLI**
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270
Attorney No. 12901

IN THE CIRCUIT COURT OF COOK COUNT, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SHARON LANG, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| BIOGENEX LABORATORIES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 511-109 I, Sharon Lang, hereby affirm that I have read the foregoing complaint and all facts contained therein are true and correct to the best of my knowledge and belief.

*/s/ Sharon Lang*
SHARON LANG

Dated this  11th  day of April, 2008.

7

IN THE CIRCUIT COURT OF COOK COUNT, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SHARON LANG, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| BIOGENEX LABORATORIES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

I, Anthony Pinelli, being first duly sworn on oath deposes and states that:

i.　　I am an attorney licensed to practice law in the State of Illinois.

ii.　　I have reviewed the facts of this case and the damages resulting from the cause of action described in the complaint.

iii.　　I have concluded that Plaintiff has a meritorious claim for damages in excess of fifty thousand dollars ($50,000).

Further Affiant sayeth not.

_____
ANTHONY PINELLI

SUBSCRIBED AND SWORN
to before me this 14th day of
April, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JODI L. GARVEY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5/9/2010

**ANTHONY PINELLI**
Law Offices of Anthony Pinelli
53 West Jackson Blvd., Suite 1460
Chicago, Illinois 60604
312/583-9270
Attorney No. 12901

8

COUNTY OF CONTRA COSTA    )
                                            )    SS
STATE OF CALIFORNIA    )

## AFFIDAVIT

On oath, affiant states as follows:

1. I, Daniyal Mirza, am Director Human Resources of BioGenex Laboratories, Inc. ("BioGenex"), 4600 Norris Canyon Road, San Ramon, California 94583.

2. BioGenex is a California corporation.

3. BioGenex's principal place of business is in San Ramon, California.

4. If called as a witness, affiant can testify to the above facts.

_____
Daniyal Mirza    5/23/08

Subscribed and sworn to before me, a notary public, this ____ day of May, 2008.    *See Attached Jurat California 2008*

_____
Notary Public

EXHIBIT B

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

☐ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1. _____
2. _____
3. _____
4. _____
5. _____
6. _____

_____  _____
Signature of Document Signer No. 1    Signature of Document Signer No. 2 (if any)

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this 23 day of May, 2008, by

(1) Daniyel Mirza,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and
(2) _____,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _Linda Stepanovich_
   Signature of Notary Public

[Notary Seal: LINDA STEPANOVICH, Commission # 1651869, Notary Public — California, Contra Costa County, My Comm. Expires Mar 26, 2010]

Place Notary Seal Above

――――――――――― OPTIONAL ―――――――――――

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Further Description of Any Attached Document**

Title or Type of Document: affidavit

Document Date: May 23, 2008    Number of Pages: 1 Page

Signer(s) Other Than Named Above: N/A

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
| --- | --- |
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827